MARY LARSON v. F. M. SHOOK.[1]

April 23, 1897.

Nos. 10,528—(126).

**Abatement—Another Action Pending.**

> The answer herein alleged that the defendant had been garnished for the same demand claimed by the plaintiff in an action by a third party against the husband of the plaintiff, that she appeared as claimant in the garnishee action, and judgment was entered therein in favor of the defendant, discharging him as garnishee, "from which judgment an appeal has been commenced by the plaintiff (in the garnishee action), as provided by law." *Held,* that the answer did not state a defense.

Appeal by plaintiff from a judgment of the district court for Aitkin county, reversing a judgment of a justice court, entered in pursuance of a ruling of Holland, J. Reversed.

*Lewis Brownell,* for appellant.

*F. W. Hall,* for respondent.

START, C. J. This action originated in justice court. Judgment for the plaintiff for $75, from which the defendant appealed to the district court, on questions of law alone. The judgment of the justice was reversed by the district court, on the ground that the justice erred in excluding evidence "showing that judgment had been rendered in another action involving the same matter." The plaintiff appealed to this court from such judgment of reversal.

The material proceedings in the justice court are: The complaint alleged that, at the special request of the defendant, the plaintiff boarded his employes a stated number of days, for which he promised to pay her $75. The first count of the answer was:

"Defendant, for answer to the complaint herein, alleges that he has not sufficient knowledge or information of the facts stated therein to form a belief, and therefore denies each and every allegation in said complaint contained."

The second count was:

"Defendant alleges that the sum of money mentioned in the complaint was attached by garnishment on June 20, 1896, in a suit

[1] Reported in 70 N. W. 775.

brought by George W. Knox against Ole Larson, the husband of the plaintiff."

This second count was struck out by the justice, on motion of plaintiff, as frivolous. After the pleadings were made, which was on the return day, June 29, the defendant moved for one week's continuance. Plaintiff objected, but the justice continued the case to July 2 (less than one week), and the defendant excepted.

On the adjourned day, July 2, 1896, the parties appeared, and defendant amended his answer, by alleging, in substance, as a second count, that he had been garnished in the suit of Knox against the husband for the same money claimed of him by the plaintiff; that she appeared in the garnishee action as claimant, and such proceedings were had therein that judgment was rendered in favor of the defendant discharging him as garnishee, "from which said judgment an appeal has been commenced by said plaintiff, as provided by law." The reply admitted the garnishee proceedings, and alleged that the defendant was duly released from all responsibility, and denied all other allegations of the answer. The parties went to trial. The plaintiff called defendant as a witness, and he admitted the contract alleged in the complaint, and that he owed the plaintiff the full amount claimed. As a defense, he offered in evidence the records of the proceedings had in the garnishee action, which showed that the defendant had been discharged as such garnishee, but there was nothing in the records indicating that any appeal had been taken. The plaintiff objected to any evidence in support of the second count of the answer, on the ground that the same did not state a defense, and that the records were incompetent and immaterial. Objections sustained, and evidence excluded. Exception by defendant.

It is manifest that the second count of the defendant's amended answer did not state a defense, and that the justice did not err in excluding the evidence offered in support of it. Neither the answer nor the evidence shows that the garnishee action was still pending against the defendant. On the contrary, they show that judgment therein had been entered discharging him. The allegation of the answer that "an appeal has been commenced" does not justify the conclusion that the appeal was duly perfected, and that the action was still pending and undetermined.

The respondent, however, claims that the judgment of the district court is right, even if it be conceded that it was based upon a wrong reason, because it was error for the justice to grant a continuance of the case for less than a week, when the defendant asked for a full week. His claim is that under the statute (G. S. 1894, § 4990, which provides that, "when the pleadings are closed, the justice, on the application of either party, shall adjourn the case for not exceeding one week"), the justice was absolutely bound to adjourn the case to the day named by him, without reference to the convenience of the justice or any other consideration, provided the adjournment asked did not exceed one week.

Conceding, without so deciding, that the justice had no discretion in fixing the day of adjournment, still the judgment of the justice ought not to be reversed for the reason claimed. The first count of the answer was sham on its face and in fact. The allegations of the complaint referred to matters presumptively within the personal knowledge of the defendant; and he admitted on the trial that he made the contract with the plaintiff, and owed her the amount claimed. The only defense was the supposed plea or answer in abatement, which was a nullity. There must be some issue to be tried before a party is entitled to an adjournment as a matter of course.

The judgment appealed from must be reversed, and the cause remanded to the district court, with direction to enter judgment affirming the judgment of the justice court. So ordered.